UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES H. TOMPKINS III<br>P.O. Box 162<br>Washington, VA 22747 | )<br>)<br>)<br>)<br>) | |
| v. | ) | Civil Case No: |
| | ) | |
| LIDA STIFEL<br>14000 Turkey Foot Road<br>North Potomac, MD  20878<br>lidarose@comcast.net | )<br>)<br>)<br>)<br>)<br>) | |

**COMPLAINT FOR CONTRIBUTION**

NOW COMES Plaintiff CHARLES H. TOMPKINS III, by his undersigned counsel and hereby brings this claim for contribution and other relief against Lida Stifel, and does hereby allege the following facts:

**JURISDICTION AND VENUE**

1. Plaintiff Charles H. Tompkins III is a citizen and resident of Virginia.

2. Defendant Lida Stifel is a citizen and resident of Maryland.

3. This case involves the right of contribution for payment of attorney fees paid to a Washington, DC law firm for litigating a case in the Superior Court of the District of Columbia on behalf of the Plaintiff Tompkins and Defendant Stifel and eight other parties.

4. Both Plaintiff Tompkins and Defendant Stifel were signatories on a joint & several retainer agreement with the law firm of Katten Muchin & Rosenman, LLP

1

(Katten Muchin), a national law firm with an office at 2900 K Street NW, North Tower - Suite 200, Washington, DC 20007-5118, with lead attorney Scott Morrison based in the law firm's Washington Office.

5. Lida Stifel and Charles H. Tompkins III were two of the ten plaintiffs in litigation in the Superior Court of the District of Columbia from 2011 until 2018 represented by Katten Muchin and Mr. Morrison.

6. The United States District Court for the District of Columbia has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as all parties to this action are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. The United States District Court for the District of Columbia has personal jurisdiction over Defendant Stifel based on her sufficient contacts with the District of Columbia, including her active litigation in the District of Columbia and her consent to the Retainer Agreement for representation by a District of Columbia law firm for the matter that forms the underlying basis for this law suit.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the actions giving rise to the claim occurred in the District of Columbia.

9. Plaintiff Tompkins and Defendant Stifel are cousins who were both identified as plaintiffs in the litigation concerning the beneficiaries of the LRT Trust (for Lida R. Tompkins) and the CHT Trust (for Charles H. Tompkins) against Chevy Chase Trust (the Trust Litigation).

10. The named plaintiffs in the Trust Litigation are the following persons:

1. CHARLES H TOMPKINS III;
2. CHARLES TOMPKINS MATHESON;
3. ANDREW PARKER JR;
4. LALLA ROOK TOMPKINS;
5. FRANCIS MEADE TOMPKINS III;
6. JAMES SHERIER TOMPKINS;
7. BRAINARD W PARKER;
8. LIDA MATHESON STIFEL;
9. WILLIAM JOHN MATHESON; and
10. LOUISE PARKER TEN EYCK.

11. On December 12, 2011, the ten Trust Litigation plaintiffs, acting through their collective counsel at Katten Muchin, filed their suit against Chevy Chase Trust.

12. Prior to filing the suit, Katten Muchin had entered into a collective Retainer Agreement, attached as **Exhibit 1**, with the ten Trust Litigation plaintiffs.

13. Each of the ten Trust Litigation plaintiffs signed the collective Retainer Agreement agreeing to joint and several liability for the legal fees and costs charged by Katten Muchin. *See* **Exhibit 1**.

14. Defendant Stifel signed the Retainer Agreement and agreed to be a plaintiff in the Trust Litigation against Chevy Chase Trust. By her signature on **Exhibit 1**, Ms. Stifel agreed to the terms of the Retainer Agreement that called for the payment of fees on a current basis as those fees were incurred and billed.

15. To accommodate the needs of Katten Muchin, the ten Trust Litigation plaintiffs allowed Mr. Tompkins to make the payments directly to the law firm and Plaintiff Tompkins would then seek to collect the proportionate share of the legal bills from the other nine Trust Litigation plaintiffs.

16. The Chevy Chase Trust litigation was contested for years and involved the control over assets held in trust for descendants of trust grantors, Charles H. Tompkins and Lida R. Tompkins. A copy of the docket sheet is attached as **Exhibit 2**.

17. Mr. Tompkins made the payments to Katten Muchin and sought to collect the proportionate share of the legal fees and costs from the other Trust Litigation plaintiffs.

18. Defendant Stifel, however, did not make any payments to Mr. Tompkins for her share of the legal fees and costs.

19. On December 12, 2017, Mr. Tompkins, by his attorney, sent a demand letter to Defendant Stifel, attached as **Exhibit 3**, requesting payment of $350,000 as her proportionate share of the legal fees and costs.

20. Defendant Stifel refused to repay Mr. Tompkins. Attached as **Exhibit 4** is Defendant Stifel's email that communicated her refusal.

21. On February 16, 2018, the Court entered a decision dismissing all of the ten Trust Litigation plaintiffs' claims against Chevy Chase Trust.

22. Defendant Stifel was prepared to accept the benefits of being a plaintiff and, therefore, cannot reject the burdens of being a plaintiff in the Chevy Chase Trust litigation following the Court's decision.

23. Mr. Tompkins has paid a disproportionate share of the legal fees he paid for the common benefit of the ten Trust Litigation plaintiffs and seeks contribution from Defendant Stifel.

## COUNT I -- CONTRIBUTION

24. Plaintiff Tompkins incorporates by reference, as if fully set forth herein, all of the allegations in the foregoing paragraphs.

25. Plaintiff Tompkins has a right of contribution for reimbursement of legal fees and costs he paid on behalf of the Trust Litigation plaintiffs from those plaintiffs who have not paid their fair share of the expense.

26. The right to contribution is the right of a person who has discharged a common liability or burden to recover of another, who is also liable, the portion he or she ought to pay or bear. The equitable doctrine of contribution requires that persons under a common burden share that burden equitably.

27. Plaintiff Tompkins has discharged a common liability – the obligation to pay the attorneys' fees and costs of the ten Trust Litigation plaintiffs – and Defendant Stifel is liable to Plaintiff Tompkins for the portion of that liability that she ought to pay.

28. Mr. Tompkins advanced legal fees and costs in reliance on the signed commitment by the Trust Litigation plaintiffs to be jointly and severally liable for the total of those legal fees and costs.

29. The ten plaintiffs in Trust Litigation each had an obligation to pay their proportionate share (one tenth) of the legal fees and costs incurred during the Trust Litigation.

30. The total legal fees and costs incurred by the ten Trust Litigation plaintiffs as of January 1, 2018 was $2,949,960.90.

31. Ms. Stifel's proportionate share of the legal fees and costs is $294,996 plus interest.

32. Ms. Stifel has not paid her proportionate share and it would inequitable for her to avoid payment and thereby impose a disproportionate share on Plaintiff Tompkins.

33. Plaintiff Tompkins has lost the use of the funds paid for the benefit of Ms. Stifel and is entitled to interest at the six percent statutory rate in the District of Columbia from Defendant Stifel for the use of his funds.

WHEREFORE, Plaintiff Charles H. Tompkins, III respectfully requests judgment for contribution against Defendant Lida Stifel in the amount of $294,996 plus pre-judgment interest of approximately $55,000 and such other relief as this Court deems just.

Respectfully,

__/s/ David H. Dickieson_____
David H. Dickieson
DC Bar #321778
SCHERTLER & ONORATO, LLP
1101 Pennsylvania Avenue, NW
    Suite 1150
Washington, DC 20004
202-824-1222  (Direct Phone Line)
202-628-4177 (Fax)
ddickieson@schertlerlaw.com

EXHIBIT 1 – RETAINER AGREEMENT

EXHIBIT 2 –  DOCKET SHEET

EXHIBIT 3 – DEMAND LETTER

EXHIBIT 4 – STIFEL RESPONSE